IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CEDRIC DAVIS, #233423, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:22-CV-18-WHA-KFP |
| | ) |
| STATE OF ALABAMA, et al., | ) |
| | ) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Cedric Davis, a state inmate proceeding pro se, filed this 42 U.S.C. § 1983 action challenging the constitutionality of conditions to which inmates are allegedly subjected throughout the Alabama prison system. Doc. 1. In the Complaint, Davis requests class certification of this case on behalf of all similarly situated inmates confined in the Alabama prison system and seeks to act as the class representative. *Id.* at 6–7. The Court construes this request as a motion for class certification under Federal Rule of Civil Procedure 23.

Davis is a pro se inmate unschooled in the law who seeks to represent the interests of inmates currently incarcerated in the State prison system. Among the requirements litigants must meet to maintain an action as a class action is that the "representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). While a pro se inmate may "plead and conduct" his own claims in federal court, 28 U.S.C. § 1654, he has no concomitant right to litigate the claims of other individuals. Under the circumstances of this case, the Court finds that Davis, as a pro se litigant, cannot adequately protect the interests of other state inmates, and his motion for class certification is therefore

due to be DENIED. *See Johnson v. Brown*, 581 F. App'x 777, 781 (11th Cir. 2014) ("[T]he district court did not abuse its discretion when it denied [the pro se inmate plaintiff's] motion for class certification.[] As a pro se litigant, [the plaintiff] cannot bring an action on behalf of his fellow . . . inmates. *See Timson [v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)] (explaining that 28 U.S.C. § 1654, the provision permitting parties to proceed pro se, provides 'a personal right that does not extend to the representation of the interests of others'); *Massimo v. Henderson*, 468 F.2d 1209, 1210 (5th Cir. 1972) (concluding that a pro se inmate could not bring a petition for equitable relief on behalf of his fellow inmates.").[1]

Furthermore, the Court finds that the prosecution of separate civil actions will not create a risk of inconsistent or varying adjudications with respect to any general claims for relief. *See* Fed. R. Civ. P. 23(b)(1)(A); *Inmates, Washington County Jail v. England*, 516 F. Supp. 132, 144 (E.D. Tenn. 1980), *affirmed*, 659 F.2d 1081 (6th Cir. 1981) (denying pro se plaintiffs' request to certify case as a class action because "any declaratory relief granted . . . would likely inure to the benefit of other similarly-situated individuals" even absent granting the request for class certification).

---

[1] *See also Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("[I]t is *generally* not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.") (emphasis in original); *DeBrew v. Atwood*, 792 F.3d 118, 131–32 (D.C. Cir. 2015) ("The district court did not abuse its discretion in concluding [the pro se plaintiff] could not [fairly and adequately protect the interests of the class] because a pro se litigant who is not trained as a lawyer is simply not an adequate class representative."); *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) (holding a pro se plaintiff is not an adequate class representative "because the competence of a layman is 'clearly too limited to allow him to risk the rights of others.'" (internal quotation marks omitted) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. Plaintiff's motion for class certification be DENIED.

2. This case be referred back to the undersigned for appropriate proceedings.

It is further ORDERED that:

On or before **February 11, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 28th day of January, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE